BELL v. PRUIT.

1. APPEAL—DISMISSAL—PRACTICE.—A Circuit Judge may dismiss an appeal from a magistrate, if neither party bring it to a hearing before end of second term.
2. ABBEVILLE COUNTY—MAGISTRATE.—A commission reading, "that A—, at Due West, is appointed a trial justice for Abbeville County," sufficiently designates him as the trial justice of "Due West," as provided by act 1888, p. 85.
3. SUMMONS.—A magistrate's summons may be directed to the defendant.
4. IBID.—CONSTABLE—A MINOR may, by special appointment, serve a magistrate's summons as constable.

Before WATTS, J., Abbeville, June, 1897. Affirmed.

Action by Jessie R. Bell against M. E. Pruit in magistrate's court. Judgment for plaintiff. Defendant appeals. Appeal dismissed at end of second term. Defendant appeals.

*Messrs. Giles & Magill*, for appellant, cite: *Magistrate*

*not properly appointed:* Act 1888, p. 85. *Summons defect-*
*ive because directed to defendant:* 2 Strob., 31; 13 S. C., 202;
27 S. C., 99; Rev. Stat., 904; 6 Barb., 654; 7 Ark., 447; 9
Ark., 20; 19 La. Am., 360. *Party may object to defect, and*
*then join issue without waiver:* 14 Johns., 481; 21 Wend., 457;
2 E. D., Smith, 20; 4 Denio, 71, 93; 9 Barb., 61; 4 Barb., 541;
15 How., 17; 14 Hun., 172; 17 Wind., 85; 76 N. Y., 279; 24
S. C., 510. *Constable must possess qualifications of elector:*
Con., art. 18, sec. 1; McKee v. Angel, 90 N. C. *Court should*
*not have dismissed appeal without considering grounds:*
Code, 366.

*Mr. Wm. P. Greene,* contra, cites: *Magistrate properly*
*appointed:* Rev. Stat., 856. *Defendant having answered,*
*cannot object to irregularities:* 46 S. C., 9. *Appeal properly*
*dismissed:* Code, 366.

Feb. 21, 1898. The opinion of the Court was delivered by

Mr. Justice Jones. The appeal in this case is from an
order of the Circuit Court dismissing an appeal from a
magistrate's court. The ground for dismissal, stated in the
order is that the case had been peremptorily called for two
terms, and no answer made by the appellant or his attorney.

The fourth, fifth and sixth grounds of appeal will be no-
ticed together, and they are as follows: "4. Because it was
error to dismiss the appeal from Magistrate Hollingsworth
on the motion of plaintiff's attorney, in the absence of de-
fendant's attorney, without hearing and considering the
exceptions and grounds of appeal. 5. Because his
Honor erred in dismissing said appeal when the
plaintiff was ready for a hearing, without hearing
and considering the defendant's grounds of appeal. 6. Be-
cause his Honor erred in holding that the case had been
peremptorily called for two terms." From the record be-
fore us, it appears that the appeal from the magistrate was
duly docketed in the Court of Common Pleas for Abbeville
County for the June term, 1896, and by consent of counsel

was continued at that term.   That at the January term, 1897, the case was continued by order of the Court, on account of the absence of defendant's attorney, who was in attendance as member of the legislature at Columbia; that at the June term, 1897, the case was regularly called during the term, and that the order appealed from was made on the last day of that term.   The Circuit Court has the authority to summarily dismiss an appeal from a magistrate's court, if neither party bring it to a hearing before the end of the second term.   Section 366 of the Code of Procedure provides: "If a return be made, the appeal may be brought to a hearing by either party.   It shall be placed upon the calendar and continued thereon until finally disposed of. But if neither party bring it to a hearing before the end of the second term, the Court shall dismiss the appeal, unless it continue the same by special order for cause shown." The appeal had not been brought to a hearing by either party before the end of the second term, and the Court had not continued the appeal by special order for cause shown. These conditions warranted a dismissal of the appeal for want of prosecution.

Having reached this conclusion, we might decline to consider the other grounds presented as not arising, but it is deemed important to announce our views upon them.   The first question raised is whether Magistrate Hollingsworth could exercise the powers of a magistrate, because, as alleged, he was not commissioned as such for any one of the particular places named in the act.   The act approved December 24, 1888 (see act of 1888, page 85), authorizes the governor to appoint seventeen trial justices (now magistrates) for Abbeville County, one to be commissioned for each of the places specified in the act, "Due West" being one of the places designated.   The commission in this case reads: "That M. E. Hollingsworth, at Due West, is appointed a trial justice for Abbeville County." This sufficiently designates the place for which M. E. Hollingsworth is appointed.

The second question is, whether a magistrate's summons is fatally defective, because addressed to the defendant instead of to the officer authorized to serve it. While the old practice was to address a summons to the officer, requiring him to summon the defendant to appear and answer, the modern practice is to address the summons to the defendant. In the absence of express statutory requirement, it is wholly immaterial which particular form is adopted. In a court of record, the Code, sec. 149, requires the summons to be directed to the defendant, and in a magistrate's court, in an action to recover personal property, Code, sec. 71, subdiv. 12, the summons is required to be directed to the defendant. We have not found in the Code any other provisions as to the form of a summons in this particular. It was, therefore, not improper to address the summons to the defendant.

The third question is, whether a minor, about the age of fourteen, is incompetent to be appointed by a magistrate to serve a summons. In this case, Thomas Hollingsworth was appointed as constable to serve the summons therein, and he was at the time "about fourteen years of age."

It is argued that a person cannot act as constable unless he possess the qualifications of an elector, since art. 17, sec. 1, of the Constitution, provides that "no person shall be elected or appointed to any office in this State unless he possess the qualifications of an elector, &c." This point has been ruled against appellant's view in the case of *McConnell* v. *Kennedy*, 29 S. C., 190, 191, wherein it was held that a minor of suitable age and discretion could be specially appointed by a trial justice to execute a particular warrant, and that such a person so acting is not an officer in the sense of the constitutional provision, art. 14, sec. 1, of the Constitution of 1868, which is the same as the language above quoted from the present Constitution. We infer from the record that the person who acted as constable in serving the summons in this case acted by virtue of a special ap-

pointment to do that particular thing, and was not assuming to act as a regularly qualified and bonded constable.

The judgment of the Circuit Court is affirmed.