MANUEL v. LOVELESS.

APPEAL,—MAGISTRATE.—A CIRCUIT JUDGE is not compelled to dismiss an appeal from magistrate's court at second or subsequent term, unless it appear that the case was called at that or a subsequent term for trial, and that neither party brought it on for hearing, or had it continued for cause. Code, 366, *construed. Bell* v. *Pruitt*, 51 S. C., 344, *distinguished from this.*

Before ALDRICH, J., Greenville, April, 1898.    Affirmed.

Action in magistrate court by Easter Manuel *v.* Rosa F. Loveless.    From judgment of Circuit Court, refusing to dismiss appeal, plaintiff appeals.

*Mr. Adam C. Welborn,* for appellant.

*Messrs. Blythe & Blythe,* contra (oral arguments).

Mar. 7, 1899.    The opinion of the Court was delivered by MR. JUSTICE JONES.    This appeal is from an order of Hon. James Aldrich, Circuit Judge, refusing to dismiss an appeal from a magistrate's court for want of prosecution, and continuing the case to the next term.    The case had been duly docked, but the record or original papers having been mislaid by the clerk, could not be found in the clerk's office.    So far as appears, the case was called for trial for the first time at the fourth term, and no previous order continuing the appeal had been made.    Under these facts, Judge Aldrich, at the fourth term, granted the order continuing the case, allowing copies to be substituted for the original papers, in case they could not be found, and refused the motion to dismiss the appeal for want of prosecution.

Appellant's contention here is that under sec, 366, Civil Code, and *Bell* v. *Pruitt,* 51 S. C., 344, the appeal should have been dismissed for want of prosecution.    Sec. 366, Civil Code, provides: "If a return be made, the appeal may be brought to a hearing by either party.    It shall be placed upon the calendar and continue thereon until finally disposed of.    But if either party bring it to a hearing before the second term, the Court shall dismiss the appeal, unless it continue the same by special order for cause shown."    Appellant's view is that neither party having brought the appeal to a hearing before the end of the second term, and no special order continuing the appeal for cause having been granted at the second term, it was the mandatory duty of the Circuit Court to grant the motion to dismiss for want of prosecu-

tion.   This would, doubtless, be true, if the motion had been made at the second term after an opportunity for a hearing by a call of the case for trial at that term.    But as an appeal properly docketed must remain on the calendar until finally disposed of by the Court, and as neither party could bring it to a hearing without affording an opportunity for a hearing by a call of the case for trial, it would seem clear that if such an appeal is called for trial for the first time at the fourth term, while the Court would have power to dismiss for want of prosecution, if neither party bring the appeal to a hearing then, it is not compelled to do so, but may, as in this case, continue the appeal for cause shown.    It may be that on account of the pressure of other business, or from other causes, appeals from magistrates' courts may not be called for trial by the Court at the second term.    In such case the appeal could not be summarily dismissed for want of prosecution at the close of the second term, because it was not brought to a hearing by either party or continued for cause shown.    If so, it could not be so dismissed at any subsequent term for such failure to hear or continue for cause at the second term. Therefore, whenever the Circuit Court, at or after the second term, is moved to dismiss an appeal from a magistrate for want of prosecution, to justify dismissal it must appear that the case was called for trial at the second term or some subsequent term, and that neither party, after such opportunity, brought it to a hearing or had it continued for cause shown.    The case of *Bell* v. *Pruitt,* 51 S. C., 344, does not militate against this view, but rather supports it.    That was an appeal from a magistrate which was continued at the second term by order of the Court for cause shown, and was regularly called for trial at the third term, and neither party bringing it to a hearing nor having it continued for cause shown, the appeal was dismissed for want of prosecution by the Circuit Court, and the order of dismissal was sustained. The appeal in that case was not dismissed by the Circuit Court for want of prosecution at the second term, for at that term the case was duly continued for cause, but it was dis-

missed for want of prosecution at the third term, after opportunity was afforded for a hearing by call of the case for trial.

The order appealed from is affirmed.