### 7145

### YORK SUPPLY CO. v. SOUTHERN RY. CO.

DISMISSAL OF MAGISTRATE APPEALS.—SECTION 366, CODE OF PROCEDURE, relating to disposition of magistrate appeals construed to mean that to justify dismissal without a hearing it must appear that the case was called for trial at the second or some subsequent term and that neither party, after such opportunity to be heard, brought it to a hearing or had it continued for cause.

*Bell* v. *Pruitt,* 51 S. C., 344, and *Manuel* v. *Loveless,* 54 S. C., 348, *distinguished from this.*

Before WATTS, J., York, February, 1908.   Reversed.

Action by York Supply Company against Southern Railway Company in magistrate's court.   From Circuit order dismissing appeal from magistrate's court without trial, defendant appeals.

*Mr. C. E. Spencer,* for appellant, cites: Code of Proc., 366; 54 S. C., 346.

*Mr. W. W. Lewis,* contra.

April 9, 1909.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   This is an appeal from an order of the Circuit Court dismissing an appeal from a judgment in a magistrate court in favor of plaintiff against defendant

for $51.27, for want of prosecution, under sec. 366, Code of Procedure.

The appeal was duly docketed on Calendar 2 of the Common Pleas for York county for April term, 1907, and the cause remained on the calendar until February term, 1908. The record fails to show, and it was not otherwise made to appear, that up to that time any disposition had been made of the appeal, or that the case was called for trial by either party at the second term or subsequently, or that any special order, for cause, was passed continuing the same. At the February term, 1908, on the last day of the term, plaintiff moved to dismiss the appeal for want of prosecution and the motion was granted, notwithstanding the fact that appellant announced itself ready for trial, the Court remarking that he had no discretion in the matter. The order of dismissal recited that the cause had been docketed for four terms and that no continuance or other disposition of the matter had been had.

The statute regulating this matter is sec. 366 of the Code of Civil Procedure, which provides:

"If a return be made, the appeal may be brought to a hearing by either party. It shall be placed upon the calendar, and continue thereon until finally disposed of. But if neither party bring it to a hearing before the end of the second term, the Court shall dismiss the appeal, unless it continue the same by special order, for cause shown. At least eight days before the Court, the party desiring to bring on the appeal shall file the return and accompanying papers, if any, with the clerk and the clerk shall thereupon enter the cause upon the calendar, according to the date of the return, and it shall stand for trial without any further notice."

This statute was construed in *Manuel* v. *Loveless,* 54 S. C., 348, 32 S. E., 421, and it was declared that whenever the Circuit Court is moved to dismiss an appeal at or after the second term, to justify dismissal it must appear that the

case was called for trial at the second term or some subsequent term and that neither party, after such opportunity to be heard, brought it to a hearing or had it continued for cause shown.

In this cause it did not appear that the case had ever been called for trial by the Court until the term it was summarily · dismissed for want of prosecution. The statute never contemplated a summary dismissal without an opportunity to be heard. The usual and orderly way for the Court to give such opportunity is to call the docket of cases.⸱ With a view to enforce the statute, it might be well for the Court, after calling the docket, to make some entry therein indicating that the case had been called and what disposition was made of it, so that the foundation for a summary dismissal may be properly evidenced. The Court will not indulge a presumption that cases on appeal from magistrate court were called at the second term and opportunity presented for a hearing.

In *Bell* v. *Pruitt,* 51 S. C., 344, 20 S. E., 5, opportunity for hearing was given before dismissal for want of prosecution and the order was sustained. In *Manuel* v. *Loveless,* 54 S. C., 348, 32 S. E., 421, a refusal to dismiss was sustained because the case was not called for trial until the fourth term, when it was continued for cause.

The judgment of the Circuit Court is reversed.