8582

LYKES v. SEABOARD AIR LINE RY.

WHERE AN APPEAL FROM A MAGISTRATE COURT has been on the docket in the Circuit Court for a general and special term of Court and the respondent has at each term endeavored to have it heard, the Court may on his motion dismiss the appeal at the next regular term for want of prosecution.

Before SPAIN, J., Hampton, February term, 1913. Affirmed.

Action by F. M. Lykes against Seaboard Air Line Railway in court of Magistrate M. F. Long. Defendant appeals from Circuit order dismissing appeal.

*Messrs. Lyles & Lyles,* for appellant, cite: 82 S C. 350.

*Mr. C. B. Searson,* contra.

June 28, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is an appeal from the magistrate's court. The following appears in the case: "The appeal was not heard at the regular October term, 1912, and the presiding Judge marked the same 'continued' on the Calendar, nor was the said appeal heard at the December special term of the Court of Common Pleas for the said county, the presiding Judge at that term making no entry upon the Calendar as to what disposition was made of the appeal. At February term, 1913, Judge T. H. Spain passed an order dismissing the appeals. From this order notice of intention to appeal to the Supreme Court was duly served, and this appeal is now taken."

Order of Circuit Judge:

"The above case comes up before me on motion by plaintiff's attorney to dismiss the appeal herein, heretofore ren-

dered on the 16th day of August, 1912, in the court of magistrate M. F. Long, which was rendered on the above. date, from which said order awarding plaintiff the sum of money therein named, defendant appealed to this Court, and it appearing that said case has been upon the proper Calendar for the third term and that plaintiff's attorney has, at each term, endeavored to have the said appeal heard, and that defendant has failed to prosecute the said appeal and have the same disposed of after several opportunities to do so, now, on motion of C. B. Searson, Esq., plaintiff's attorney, it is ordered that the appeal heretofore made in the above entitled cause be, and the same is hereby, dismissed for want of prosecution upon the grounds above set out, and that the judgment of the magistrate heretofore rendered be, and the same is hereby, confirmed and made the judgment of this Court."

Exceptions:

1. "It is submitted that his Honor, the Circuit Judge, erred, as a mater of law, in holding and so deciding that it was incumbent upon him to dismiss the appeal after the second term, when the cause had been continued on the Calendar at regular October term, and has been passed over at special December term."

In order to sustain the appeal the appellant quotes the following from *York Supply Co.* v. *Southern Ry. Co.*, 82 S. C. 350, 64 S. E. 387:

" 'Hearing Upon Return.'—If a return be made, the appeal may be brought to a hearing by either party. It shall be placed upon the Calendar and continue thereon until finally disposed of. But if neither party brings it to a hearing before the end of the second term, the Court shall dismiss the appeal, unless it continue the same by special order, for cause shown. At least eight days before the Court, the party desiring to bring on the appeal shall file the return and accompanying papers, if any, with the clerk, and the clerk shall thereupon enter the cause on the Calendar, accord-

ing to the date of the return, and it shall stand for trial without any further notice."

In the York Supply Company case, the Court says: "To justify dismissal without a hearing it must appear that the case was *called for trial* (italics ours) at the second or some subsequent term, and that neither party, after such opportunity to be heard, brought it to a hearing or had it continued for cause."

The Court goes on to say: "In this cause it did not appear that the case had ever been called for trial by the Court until the term it was summarily dismissed for want of prosecution. The statute never contemplated a summary dismissal without an opportunity to be heard. The usual and orderly way for the Court to give such opportunity is to call the docket of cases. With a view to enforce the statute, it might be well for the Court, after calling the docket, to make some entry therein indicating that the case had been called and what disposition was made of it, so that the foundation for a summary dismissal may be properly evidenced. The Court will not indulge a presumption that cases on appeal from magistrate Court were called at the second term and opportunity presented for a hearing."

In this case the Circuit Judge finds the facts against the appellant when he finds "That plaintiff's attorney has, at each term, endeavored to have the said appeal heard and that the defendant has failed to prosecute the said appeal and have the same disposed of after several opportunities to do so."

In the case to which we have been referred, the Court merely stated what would be the best practice, but did not say it was necessary.

The judgment appealed from is affirmed.