9922

SMITH *ET AL.* v. SOUTHERN RY. CO.

(95 S. E. 339.)

1. JUSTICES OF THE PEACE — APPEAL — ORDERS — CONSTRUCTION.—On appeal from a magistrate's Court, which was not duly prosecuted, an order to strike off with leave to restore does not give either party an absolute right to restore on motion, but vests the Court with discretion in the matter of restoring the case.

2. JUSTICES OF THE PEACE—APPEALS—PROSECUTION.—One appealing from the judgment of a magistrate after respondent's attorney was

elected as Judge could not wait for notice of employment of a new attorney, but it was his duty, under Code Civ. Proc. 1912, sec. 405, to prosecute the appeal with due diligence.

3. APPEAL AND ERROR—INTERMEDIATE COURT—PRESUMPTIONS—STRIK-
ING CASE FROM DOCKET.—Where an appeal from a magistrate's Court was on the Circuit Court docket for three years without being prosecuted, it will be inferred that it had been called for hearing before it was finally struck from the docket.

4. JUSTICES OF THE PEACE—APPEAL—DILIGENCE.—The mere fact that a case had been stricken from the docket for more than a year before the appellant observed such fact shows that he did not prosecute the appeal with diligence.

5. JUSTICES OF THE PEACE—APPEAL—DILIGENCE—REINSTATEMENT.—
Where defendant appealed from a magistrate's judgment in 1914, and the case was stricken from the docket in 1917, and a year later he removed to restore it, refusal of the motion was proper on the ground of lack of diligence.

Before DEVORE, J., Kershaw, Spring term, 1917. Affirmed.

Action by W. T. Smith and others, trading as the Camden Furniture Company, against the Southern Railway Company. Judgment in magistrate's Court for plaintiff, and defendant appealed to the Circuit Court, where the appeal was docketed, and after three years was struck off, with leave to restore, and defendant moved to restore the case to the calendar. To review an order denying the motion, defendant appeals.

*Mr. J. Waties Thomas,* for appellant, cites: *As to meaning of the order "strike off with leave to restore:"* Code of Procedure 1912, section 405; 54 S. C. 348; 82 S. C. 350. *This case has never been called for hearing:* 95 S. C. 111. *Counsel was entitled to rely upon rule stated in 82 S. C. 346.*

*Mr. W. Bratton DeLoach,* for respondents.

March 11, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

In May, 1911, plaintiff recovered judgment against defendant in the Court of a magistrate for $36.33, damages to a shipment and freight charges thereon. Defendant appealed to the Circuit Court, and the appeal was duly docketed for hearing. It remained on the docket, without having been brought to hearing, until the Fall term, 1914, when the presiding Judge made this entry on the docket: "Strike off with leave to restore."

In January, 1915, plaintiffs' attorney, Hon. M. L. Smith. was elected Circuit Judge, and appellant's attorney had no notice that any other attorney had been retained to represent plaintiffs. In March, 1916, appellant's attorney saw the entry made on the docket by the presiding Judge at the Fall term in 1914, "Strike off with leave to restore," and in January, 1917, he learned, for the first time, that another attorney had been employed to represent plaintiffs. Thereupon, at the March term, 1917, he moved the Court to restore the case to the calendar. The Court refused the motion, on the ground that appellant's attorney had not exercised due diligence in bringing the appeal to a hearing, and because he had delayed so long in making the motion to restore after the case had been stricken from the docket.

The order, "Strike off with leave to restore," is not to be construed, as appellant contends, as impliedly giving either party an absolute right to restore, on motion. That would make the order nugatory in effect, and the case might as well be left on the docket. But it is implied in the order that restoration rests in the sound discretion of the Court, and, therefore, depends upon the character of the showing made. Counsel for appellant is mistaken in supposing that he had the right to wait until notice was given him that plaintiffs had employed another attorney to represent them. They had the right, if they saw fit, to rely upon the judgment in their favor without employing an attorney to argue the appeal. Respondents not infrequently do that in the Circuit Court and in this Court. At any rate, they must be pre-

sumed to have known that the appeal was docketed for hearing, and that, unless they exercised due diligence in employing another attorney to represent them on hearing of the appeal, it might be heard in the absence of such representative. Of course, in such a case the Court would exercise discretion in proceeding with the hearing, or in continuing the case to give time for the employment of counsel, according to the circumstances. But appellant was the actor in the appeal, and it was his duty to prosecute it with due diligence and have it promptly disposed of.

Section 405 of the Code of Civil Procedure provides that when an appeal is duly docketed, "it shall stand for trial without any further notice." That section also shows that it was the intention of the lawmakers that such appeals should be disposed of promptly, for it provides that "if neither party bring it (the appeal) to a hearing before the end of the second term, the Court shall dismiss the appeal, unless it continue the same by special order, for cause shown." This has been construed by some to mean that such an appeal must be heard at the second term at all events, or be subject to dismissal; but this Court has held, in several cases, that it was not the intention of the legislature that an appeal should be dismissed without opportunity for a hearing, and that there is no presumption that such cases were called and opportunity for hearing given at the second term after docketing; for we know that, for lack of time and other reasons, it often happens that no opportunity for hearing is given. Therefore we have held that, before an appeal can be summarily dismissed for want of prosecution, it must appear that there has been opportunity for a hearing.

In *Bell v. Pruit,* 51 S. C. 344, 29 S. E. 5, an appeal was docketed for hearing at the June term, 1896, and continued by consent. At the next term, January, 1897, it was called, but continued on account of the absence of appellant's attorney. At the next term, June, 1897, it was regularly called

during the term, but not brought to hearing. It was dismissed on the last day of the term for want of prosecution, the Circuit Judge saying in his order that it had been peremptorily called for two terms, and no answer made by appellant or his attorney. The order of dismissal was sustained.

In *Manuel v. Loveless,* 54 S. C. 346, 32 S. E. 421, there was an appeal to this Court from an order of the Circuit Court refusing to dismiss an appeal from a magistrate's Court for want of prosecution. The case had been duly docketed, but, so far as appeared, had not been called for trial, until the fourth term, and no previous order continuing it had been made. The original record had been mislaid, and the clerk could not find it in his office. The order refusing to dismiss and allowing copies to be substituted for the original records was affirmed. It was held that section 405 does not require such an appeal to be dismissed at the second or any succeeding term, unless an opportunity for hearing has been afforded the appellant.

In *York Supply Co. v. Ry.,* 82 S. C. 350, 64 S. E. 387, the appeal was docketed in the Circuit Court at the April term, 1907, and remained on the calendar until the February term, 1908, when, on the last day of the term, plaintiff moved to dismiss it for want of prosecution. The appellant anounced that he was then ready for trial, but the Court held that he had no discretion in the matter, and granted the order of dismissal. As it did not appear that the case had ever been called for trial at any previous term and an opportunity for hearing given, this Court reversed the order of dismissal. It was there said that the statute does not require summary dismissal at the second or any succeeding term, without an opportunity to be heard having been given, and that there is no presumption that cases on appeal to the Circuit Court are called and opportunity given for hearing at the second term.

In *Lykes v. Railway,* 95 S. C. 111, 78 S. E. 710, an appeal was dismissed at the third term for want of prosecution, the Circuit Judge saying in his order that it had been on the calendar for three terms, and that plaintiff had endeavored at each term to have it heard, but defendant had failed to prosecute the appeal, after having several opportunities to do so. The order of dismissal was sustained.

The facts of this case distinguish it from any of the cases cited. Here the Circuit Court found as a fact, and the finding is abundantly supported by the record that appellant failed to prosecute his appeal with due diligence before it was struck from the docket, and that he was lacking in diligence in moving to have it restored. Although it does not affirmatively appear that it was ever called for hearing at any term before it was struck from the docket, it is inferable, from the length of time that it had been on the docket and from the order to strike it off, that it had been; for that is the entry usually made by the Circuit Judges to clear the dockets of cases that have been called and repeatedly continued from term to term, without any effort being made by those interested in them to have them disposed of. Moreover, it is hardly conceivable that appellant could not have brought his appeal to a hearing at some time between the Summer term in 1911 and the Fall term in 1914 if he had exercised due diligence. And it is inferable from the order, "Strike off with leave to restore," that it was called for trial at the Fall term, 1914, and no response was made; hence the order to strike off.

The case had been stricken from the docket for more than a year before appellant even observed the fact. That alone shows that he was not prosecuting his appeal with diligence. And, even then, he allowed another year to elapse before he moved to restore it. The Circuit Court did right in finding the appellant lacking in diligence,

and was well within the exercise of a sound discretion in refusing his motion.

Affirmed.

MESSRS. JUSTICES WATTS, FRASER and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit in this case.