## STATE v. SPRAY.

1. MAGISTRATE.—ON APPEAL from magistrate he should file in Circuit
   Court the notice of appeal, the record and statement of proceedings
   and testimony in writing, but here papers presented to the Court ac-
   cepted with hesitation as magistrate's statement of proceedings.
2. IBID.—NOTICE—VENUE.—Trial of a defendant charged with crime by
   another magistrate than the one who issued the warrant and on an-
   other day than one fixed by him, without notice of day of trial or
   change of venue, is denial of due process of law.

Before BUCHANAN, J., Lancaster, October, 1904. Re-
versed.

Indictment in magistrate court against John C. Spray and
James H. Massey. From order affirming judgment of
magistrate, defendants appeal.

*Mr. J. Harry Foster,* for appellants, cites: *As to jurisdic-
tion of magistrates:* Art. V., sec. 21, Constitution; Criminal
Code, sec. 11.

*Solicitor J. K. Henry,* contra.

June 30, 1906. The opinion of the Court was delivered
by

MR. JUSTICE WOODS. The defendants were convicted
before magistrate W. P. Caskey of the offense of disturbing

a religious congregation, and this appeal is from an order of the Circuit Court affirming the judgment of the magistrate. Notice of appeal from the judgment of the magistrate was duly served, but there is no proper report of the magistrate in the record. The statute requires that within ten days after service of the notice of appeal "the said magistrate shall file in the office of the clerk of Court the said notice, together with the record and statement of all the proceedings in the case, and the testimony in writing taken at the trial and signed by the witnesses." The statute further provides: "The said appeal shall be heard by the Court of General Sessions upon the grounds of exception made and upon *the papers hereinbefore required,"* the papers referred to being manifestly the record and statement of the proceedings and testimony which the magistrate is required to file with the notice of appeal. The ground upon which the Circuit Court affirmed the judgement of the magistrate does not appear, but without the magistrate's statement of the proceedings in the case, the Circuit Court could not reverse the judgment on the ground that the defendants were tried and convicted in their absence, without notice to appear for trial before magistrate Caskey, or that the venue had been changed from magistrate Griffin to magistrate Caskey, or that the day of trial was changed from July 29th to July 24th, without notice to them. But it seems the case was heard in the Circuit Court on the papers printed in the "case" as presented here, as if these papers had been submitted as the magistrate's report, and there is no evidence of objection by the State to this course of procedure. The case is submitted in this Court without argument on behalf of the State, and we, therefore, though not without hesitation, treat the printed record from the magistrate's court as his statement of the proceedings.

From the recognizance it appears the defendants were bound over to appear for trial before magistrate Griffin on July 29th. Magistrate Caskey undertook to try them in their absence on July 24th, without any

notice, so far as the record discloses, of any change of day of trial or of the change of venue. Such a conviction was a denial of due process of law and cannot stand.

The exception, "that the warrant does not fully, substantially and fairly set forth the charge against the defendants," must be overruled. The statute only requires that the charge shall be set forth "plainly and substantially," and the exception does not point out in what respect this requirement of law was not complied with.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the cause remanded for a new trial.