14385

OATES *ET AL.* v. CITY OF EASLEY
SHERIFF *ET AL.* v. SAME

(188 S. E., 504)

92

*Messrs. B. F. Martin* and *W. C. Mann,* for appellants,

*Messrs. J. D. Wyatt* and *Blythe & Bonham,* for respondent, .

November 25, 1936.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

It is agreed by counsel that the decision of the appeal in the *Oates case* shall decide that in the *Sheriff case.*

The appeal is from the decree of Judge Gaston sustaining a demurrer to the complaint and denying a motion to amend the complaint. Plaintiffs brought this action against the defendant in a complaint alleging the municipal corporate capacity of defendant and the residence of plaintiffs near the City of Easley; the ownership by plaintiffs of a tract of land on or near Brushy Creek, just outside and near the City of Easley; that the City of Easley for several years collected in sewer pipes, and discharged upon the said lands of plaintiffs, its raw and untreated sewerage; collecting and discharging the same into Brushy Creek, which traverses plaintiffs' said lands; that by this conduct of the defendant the water became foul and contaminated, and the water and air became polluted, and the water and air became unfit for use, and the atmosphere became so contaminated with offensive odors as to render the property unfit for residence purposes and was a cause of annoyance and discomfort, as well as a peril to health; and the salable value of the property was thereby decreased; that this conduct of the defendant constitutes great and permanent nuisances. That plaintiffs have demanded that these practices be discontinued and the nuisance abated, but defendant has refused to accede to these demands, and plaintiffs' right to compensation is denied by the defendant. That defendant's acts, thus complained of, are grossly negligent, and constitute an unlawful use of the stream; that defendant has refused to abate the nuisance and has denied plaintiffs' right to an injunction. That plaintiffs are entitled to recover past damages with an order of abate-

ment and an injunction against the continuance of the nuisance.

Plaintiff's counsel served on defendant's counsel the following notice:

"Please Take Notice: That the plaintiffs in this case do not claim and will not prosecute any action under the condemnation statutes, but if the Court should hold that the allegations are sufficient to set out such a cause of action (although it has never been so intended), the plaintiffs do elect to proceed to trial upon the cause of action for nuisance alone."

The defendant moved to transfer the case to Calendar 2 and for an order of reference. Prior to the hearing, plaintiffs served upon counsel for defendant notice of the motion above set out. Judge Gaston handed down an order by which he held that the plaintiff was "entitled to go to trial upon the cause of action for nuisance," and this issue is a legal one. He refused defendant's motion and ordered "that the case stand for trial upon calendar one upon the cause of action for nuisance, and upon no other cause of action." From this order there was no appeal, hence it became the law of the case.

Thereafter, plaintiffs' counsel gave notice of a motion to amend their complaint in the manner and for the purpose stated in the following affidavit made by Mr. Martin, one of counsel for plaintiffs:

"That he is Attorney for plaintiffs herein; that the basic facts in this case (as shown in the attached Proposed Amended Complaint), give a cause of action for damages for nuisance; that counsel for plaintiffs are in doubt, since the recent opinion of the Supreme Court in the case of *Sheriff v. City of Easley*, 178 S. C., 504, 183 S. E., 311, as to their remedy, and doubtful of the effect of that case upon the opinion in the case of *Conestee Mills v. City of Greenville*, 160 S. C., 10, 158 S. E., 113, 75 A. L. R., 519—and

the plaintiffs wish to amend their complaint so as to limit the action to be tried herein to a cause of action for nuisance, without prejudice to the right to maintain condemnation proceedings or action under the condemnation statutes (if any), which they may be hereafter advised to maintain."

The defendant demurred to the complaint on the following grounds:

"(A). In that the cause of action therein set out is based upon nuisance, disassociated from a 'taking' under the Constitution, which is a tort.

"(B). That a municipal corporation is not liable in tort except when provided by statute.

"(C). That no statute upon which such cause of action can be predicated has been alleged."

The motion to amend the complaint and the demurrer were heard together; the motion was refused, and the demurrer was sustained in an order by Judge Gaston, from which this appeal comes.

There are six exceptions, but counsel for appellants say in their brief that:

"Two main contentions are made in substance by the exceptions: (1) That the cause of action for damages from tort, negligent installation and negligent maintenance and operation is not demurrable, and (2), there is no such election as would bar plaintiff from further proceedings if plaintiffs should be in error in this respect and be held unable to maintain their common law action of tort."

One of the exceptions discussed by plaintiffs' counsel alleges error for refusing to allow the proposed amendment. Counsel nullifies this exception by saying in their brief:

"In fairness to his Honor, the Judge, however, the error in refusing amendment is rendered substantially harmless because he considered the case as if it had been amended to allege due process of law and passed upon the point as to 'due process.'"

We hold it to be settled law in this jurisdiction that an action for damages of the nature of that upon which plaintiff voluntarily elected to go to trial in this case cannot be maintained because there is no statute which authorizes it.

We hold that Section 7297, Code of Laws of S. C., 1932, provides "due process" of law for the redress of injuries of the nature of that complained of by plaintiffs, and such process is exclusive. Plaintiffs voluntarily elected to pursue another process, which this Court holds to be an untenable one.

The Court concurs in the order of Judge Gaston. Let it be reported.

The order appealed from is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.