## 17005

C. L. GODWIN, Appellant, v. H. C. CARRIGAN, G. B. KEELS, J. S. JOSEPH, D. G. ELMORE, W. D. DAVIS, JR., and D. C. ELLIOTT, as Mayor and Councilmen of the Town of Summerton, Respondents

(87 S. E. (2d) 471)

*Messrs. Nash & Wilson,* of Sumter, *for Appellant,*

*S. E. Rogers, Esq.,* of Summerton, *for Respondents,*

May 19, 1955.

BAKER, Chief Justice.

C. L. Godwin, petitioner-appellant, instituted an action in April of 1954 against the Mayor and Councilmen of the Town of Summerton, respondents, to procure a writ of mandamus requiring the Town of Summerton, under Section 59-203, Code of Laws for 1952, to proceed to condemn lands of appellant alleged to have been taken by the Town, and to assess damages alleged to have resulted therefrom.

It is alleged in the petition that appellant is the owner of approximately 350 acres of land near the Town limits, and heretofore he donated to the Town one acre for the purpose of constructing a septic tank and sewerage outlet system with the understanding that the septic tank would not harm or injuriously affect the remainder of his land for the use of same for pasturage of cattle and as a home for himself and family.

The Town constructed upon the one acre of land the tank and sewerage outlet system with the overflow therefrom going into a creek which runs through appellant's land. The appellant contends the sewerage tank was defective and the outflow therefrom unfiltered, and emanating therefrom are obnoxious and vile odors, with the raw sewage flowing down the creek through his property and destroying the purity of the water, which has prevented him from the full enjoy-

ment and use of his property and the making of a profit therefrom. He further alleges the acts of the Town have resulted in the taking (depriving him?) of his property without due process of law and without just compensation for the property so taken and in violation of his constitutional rights, especially Sections 5 and 17 of Article 1 of the Constitution of the State of South Carolina of 1895, and the Fifth Amendment, Article 5, of the Constitution of the United States. Appellant then states that he has demanded of respondents that they proceed with the condemnation of his lands and fix the damages to the remainder of his property, but respondents have failed and refused to do so, and under Section 59-202 of the Code of Laws of 1952 there is imposed upon the Town Council a ministerial duty to proceed with the condemnation, which is a legal right accruing to him and he has no other and sufficient remedy for the protection and enforcement of his legal rights.

A rule to show cause was issued by the presiding Judge of the Third Judicial Circuit, returnable before Honorable J. Frank Eatmon, the resident Judge of the Third Circuit. The respondents in due course of time filed their return to the rule, and to the return the appellant filed a traverse. Various affidavits were submitted by both appellant and respondents.

We now state almost verbatim that portion of Judge Eatmon's order containing a synopsis of the factual background and the allegations of the return and traverse.

During the public works program of the thirties, the Town of Summerton, with the aid of a grant from the Federal Government, constructed a municipal sewer system for the use and benefit of the citizens of said Town. At the time of the installation thereof, a municipality, under the then applicable law, embodied in Section 7297 of the Code of Laws for South Carolina for 1942, which was repealed in 1951, was authorized, for the purpose of establishing a system of sewerage, to acquire "any land that it may deem necessary thereto, whether the same be situate within or with-

out its corporate limits," and likewise "any stream of running water for the purpose of emptying therein to the sewerage from its sewer pipes."

As a part of said system, the Town installed, on the land acquired from the appellant, two sedimentation tanks, the outflow of sewage from which is discharged into a stream running through lands of the appellant. Due to the insufficiency of the Federal grant, the Town was unable to construct the filtering and drying beds, so that such discharge, though sedimented, is not filtered. There has been no change in the manner or method of disposal since the original construction, although the Town has, over the years, increased in population, resulting in an increase in the use of the sewer system and the amount of overflow therefrom. No request to proceed in condemnation was made, and no action brought until 1954, when this proceeding was instituted by the appellant.

By their return the respondents, *inter alia,* deny the material allegations of the petition, particularly deny the appellant's right to compensation, and allege the acquisition from the appellant of, and payment for, the rights, out of the exercise of which the present controversy arises, including the right to discharge sewage into said stream. The respondents further allege that after the sewer system and manner of disposal had been in operation for some time "and the use of said creek therefor and the consequential damages, if any, fully known to the Petitioner, the Petitioner, then complaining of the very acts and things now set forth in the Petition, and being in arrears in the taxes due to the Town of Summerton on other properties located in said Town, proposed to said Town the abatement of said taxes in full compensation for the rights, uses, damages, and taking now complained of; that the Town accepted said proposal and did abate said taxes owed by the Petitioner to said Town"; and, by reason thereof, the Town "has paid unto the Petitioner full and just compensation for the matters and things alleged in the Petition."

By traverse the appellant admits that there was some arrangement involving the abatement of taxes and that said taxes were abated, that he accepted the benefits thereof over a period of years until the town property concerned was disposed of, but contends that such abatement was made by the Town as "some small token of appreciation of the town authorities for the gift of the tract of land for the construction of a septic tank."

In addition to the foregoing digest of the allegations of the return as contained in Judge Eatmon's order, there are several other defenses pleaded by the respondents. It is further alleged that if the appellant did not consent to the use of and receive compensation in full for the rights and easement incident to the disposal of said sewage, then said rights and easements have been continuously, openly, notoriously and adversely used and exercised by the Town for more than twenty years and the Town has thereby acquired such rights and usages by prescription. Next, if there has been a taking by the Town of appellant's property without just compensation and consequential damage, which is denied, then such taking and damage occurred with the accrual of appellant's cause of action more than ten years prior to this action and is barred by Section 10-148 of the Code of Laws of 1952. and also that appellant's cause of action accrued more than six years prior to the commencement of this action and is barred by Section 10-143 of the Code of Laws for 1952. Another defense is that appellant having failed to pursue his remedy for more than twenty years, during which time the value of real property has increased manyfold, has made it inequitable, if not impossible, to ascertain the value of the property taken and the consequential damage or depreciated value of the remaining property at the time of the taking.

After a full hearing upon the rule to show cause, Judge Eatmon issued his order denying appellant's asserted remedy for a writ of mandamus. The basis of his order is that respondents have denied the right of appellant to compensation with a *bona fide* factual basis for such denial on the part

of respondents. Appellant's exceptions are predicated upon the proposition that the statutory remedy provided by the laws of this State for condemnation is an exclusive remedy and it was therefore incumbent upon respondents to appoint commissioners for the purpose of assessing damages, this appointment constituting a ministerial duty.

The writ of mandamus is employed to compel the performance, when refused, of a ministerial duty. To warrant its issuance, not only should there be a legal right in the petitioner, but it is also important that the asserted right is clear and certain. There must also be shown a legal and ministerial duty of performance resting upon the respondent, and the absence of any other specific remedy to enforce that which is sought. The requisite elements of the remedy of mandamus are so well established that it is not necessary to cite authorities or cases in support thereof.

The writ has been used many times to compel the discharge of ministerial duties or acts by public officers, a ministerial act or duty being defined as "one which a person performs in obedience to a mandate of legal authority without regard to or the exercise of his own judgment upon the propriety of the act to be done." *Sumter County v. Hurst,* 189 S. C. 316, 1 S. E. (2d) 242.

Successful enforcement of the writ is to be found in several cases in this State, practically all of which are cited in *Bland v. City Council of Sumter,* 203 S. C. 392, 27 S. E. (2d) 498.

In the *Bland case, supra, Paris Mountain Water Supply Co. v. City Council of Greenville,* 53 S. C. 82, 30 S. E. 699; *Garraux v. City Council of Greenville,* 53 S. C. 575, 31 S. E. 597; *Gibson v. City Council of Greenville,* 64 S. C. 455, 42 S. E. 206; and *Stone v. City of Greenville,* 111 S. C. 78, 96 S. E. 520, the property owners' consequential damages arose from the alteration of streets. The composite opinion from these cases is that a change in the grade of a street which causes consequential damages to adjacent property

is not a taking of property within the meaning of the self-executing provision of Article 1, Section 17, of our Constitution, and there is no implied liability resting upon a municipality to make compensation for injury resulting from grading streets. The only remedy then left was that provided in the city charters of Greenville and Sumter which was specifically made exclusive.

There are no provisions of a city or town charter to be considered in this case. At the time or beginning of this alleged taking, Section 7297 of the 1932 and 1942 Code of Laws provided for condemnation proceedings by municipal corporations to acquire lands either within or without its corporate limits for the purpose of enlarging, extending or establishing a sewerage system. This section was repealed in 1951, leaving Sections 59-201 to and including 59-211, Code of Laws of 1952, providing a method of condemnation for municipalities to establish, enlarge or extend sewerage systems. In 1953, by Act No. 225, Act April 27, 1953, 48 St. at Large, p. 272, the General Assembly provided, "Whenever any municipal corporation within this State desires to become the owner of any real estate or to acquire any easement or right-of-way through, over or across such real estate for any corporate or public purpose for which a municipality may now condemn real estate or an interest therein, the procedure prescribed herein shall be exclusive." It is not necessary for the purpose of this case to analyze, compare or distinguish the provisions of the 1952 Code of Laws with Section 7297 of the 1932 or 1942 Code of Laws for the question herein is not the method of procedure for condemnation but whether the remedy provided by statute is exclusive with a ministerial duty flowing therefrom.

There are three sewerage disposal cases in this State of importance to the issue herein and adverse to appellant's contentions. These cases are *Parish v. Town of Yorkville,* 96 S. C. 24, 79 S. E. 635, L. R. A. 1915A, 282; *Sheriff v. City of Easley,* 178 S. C. 504, 183 S. E. 311, and *Oates v. City of Easley,* 182 S. C. 91, 188 S. E. 504.

*The Sheriff case, supra,* cites and quotes at length from the *Parish case,* and refers to Section 7297, *supra.* In the opinion it is held [178 S. C. 504, 183 S. E. 317] that "statutes which confer the right to condemn usually provide a method of ascertaining the compensation, and this court has uniformly held that, when the statute provides a method, it is exclusive," but when the statute provides only for ascertaining the amount of compensation and does not provide a method for determining the right to compensation when the right thereto is denied, the proper remedy is to bring an action in the Court of Common Pleas.

In the *Oates case, supra* [182 S. C. 91, 188 S. E. 505], the order of the Circuit Court was reported and concurred in by this Court, holding:

"* * * that the court may compel the institution of condemnation proceedings if the right to compensation is conceded or has been determined, but, where the right to compensation has been claimed by plaintiff and denied by the municipality, a suit at common law triable before a jury in the court of common pleas is the proper remedy * * *."

The plaintiff in the foregoing case brought an action for damages to abate and enjoin a nuisance arising from sewerage disposal. The City demurred to the complaint on the ground that the cause of action was based upon a nuisance and not a "taking" under the Constitution, which is a tort, for which tort a municipal corporation is not liable except when provided by statute. The opinion of this Court, concurring in and affirming the order of the lower Court, states that Section 7297, *supra,* provides due process of law for the redress of injuries of the nature of that complained of by the landowner and such process of law is exclusive. This statement has to be read in connection with the facts of the case and the order of the lower Court which became a part of the opinion of this Supreme Court. Such statement was not intended in derogation or to exclude rights accruing under Article 1, Section 17, of the Constitution of 1895.

The repealed Section 7297, *supra,* and Sections 59-201 to and including 59-211, provide a method for ascertaining the amount of compensation but do not provide a method for determining the right to compensation when the right thereto is denied. There remains to appellant the remedy afforded by Article 1, Section 17, Constitution of 1895. It follows that the method provided by statute, in such a case as this, is not exclusive, there being the constitutional remedy available.

Act No. 225 of 1953, which provides that the procedure in the condemnation statutes referred to therein shall be exclusive, contemplates that the exclusiveness shall only apply to those cases or situations which are embraced within the machinery of the condemnation statutes. The respondents in this case have denied the right of the appellant to compensation with an affirmative plea of payment of compensation by abatement of taxes. This denial of appellant's right to compensation removes the issues from the exclusiveness of the prevailing condemnation statutes. In addition thereto and in conjunction with what has already been said, there is the absence of a showing of a ministerial duty to be performed by respondents. Only when the right to compensation is conceded or has been determined could there be a ministerial duty remaining to be performed by the respondents herein.

The order of Judge Eatmon does not refer to that portion of the return of the respondents which pleads the statute of limitations or the acquirement of rights and uses by prescription by an adverse use for more than twenty years. While the statute of limitations does not apply to a proceeding in a case such as this by way of mandamus, nevertheless the alleged adverse use for more than twenty years without the assertion of this remedy by appellant offers additional reason why the writ should be refused. In *State ex rel. Cummings v. Kirby,* 17 S. C. 563, it was held the statute of limitations does not apply to a proceeding in mandamus, but where there is an unreasonable delay the Court in the

226

exercise of its discretion will refuse to issue the writ. Other cases upon unreasonable delay or laches are *Argent Lumber Co. v. Query,* 178 S. C. 1, 182 S. E. 93; *Milster v. City of Spartanburg,* 68 S. C. 26, 46 S. E. 539; *State ex rel. Myers v. Appleby,* 25 S. C. 100.

Appellant's exceptions are found to be without merit, appeal dismissed, and the order of the Court of Common Pleas affirmed.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.