18223

The STATE, Appellant, v. Elbert Leroy ADAMS, Respondent

(137 S. E. (2d) 100)

324

*Messrs. Daniel R. McLeod, Attorney General,* and *William L. Pope, Assistant Attorney General,* of Columbia, *for Appellant,*

*Messrs. Law, Kirkland & Aaron,* of Columbia, *for Respondent,*

*Messrs. Daniel R. McLeod, Attorney General,* and *William L. Pope, Assistant Attorney General,* of Columbia, *for Appellant, in Reply,*

June 9, 1964.

TAYLOR, Chief Justice.

This is an appeal by the State from an Order of the Honorable John A. Mason, dated April 25, 1963, setting aside the conviction of Respondent and dismissing the charges brought against him.

Respondent was convicted on February 18, 1963, for driving under the influence of intoxicants, first offense, by a jury in Magistrate's Court. In compliance with Section 7-103, Code of Laws of South Carolina 1962, Respondent served notice of intention to appeal upon the Magistrate, together with the grounds thereof, on February 20, 1963. The South Carolina State Highway Department, in accord with Section 46-189 of the Code, extended the revocation of Respondent's license for a period of 60 days.

On April 18, 1963, Respondent served notice on the Magistrate of a motion to be made within 5 days before Judge Mason for an Order setting aside the conviction and dismissing the charges on the grounds that the record of proceedings before the Magistrate had not been filed in the Of-

fice of the Clerk of Court for Richland County as required by Section 7-104 of the Code. No notice of this motion was served on the State Highway Department, the Solicitor, or the Attorney General.

Neither the Magistrate nor anyone representing the State appeared in opposition to the motion. The hearing Judge held that Section 7-104 is mandatory and that it was incumbent upon the State to comply with the provisions thereof or else the conviction must fail and the charge set aside. Appellant contends that Section 7-104 is directory as opposed to mandatory. However, in our opinion, it is of no consequence whether such language be considered mandatory or directory as the remedy is the same.

It was the duty of Respondent as he was the moving party in the appeal from Magistrate's Court to prosecute it with due diligence and have it promptly disposed of. See *Smith et al., v. Southern Railway Co.,* 109 S. C. 152, 95 S. E. 339. When it became apparent to Respondent that the Magistrate had failed to perform the ministerial duty of transmitting the record of the trial Court to the appellate Court, it became incumbent upon Respondent to proceed by way of mandamus to enforce performance of his duty.

Respondent was charged with knowledge of the time limit imposed on the Magistrate for filing the record and of the 60 day supersedeas provided by Section 46-189 of the Code. Having failed to take any step toward effecting a prompt disposition of his appeal, Respondent was not entitled to have his conviction set aside and the charges against him dismissed.

For the foregoing reasons, we are of opinion that the Order appealed from should be reversed; and it is so ordered. Reversed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.