**Gaynelle C. GREGORY, Appellee,**

v.

**TOWN OF PAGELAND, Appellant.**

No. 10858.

United States Court of Appeals Fourth Circuit.

Argued Feb. 7, 1967.

Decided Feb. 28, 1967.

H. F. Bell, Chesterfield, S. C. (C. R. Pusser, Jr., Chesterfield, S. C., on brief), for appellant.

Henry Hammer, Columbia, S. C. (Henry H. Edens, Columbia, S. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and J. SPENCER BELL and CRAVEN, Circuit Judges.

HAYNSWORTH, Chief Judge:

The Town of Pageland appealed from a judgment entered against it in the amount of $14,000 assessed as damages for the taking of property for a public street. It contends that the plaintiff's exclusive remedy was an application for the appointment of a commission for the assessment of the damages, and it complains of the damages as found by the District Court. We find no merit in the defendant's objection to the remedy, but

we do find error in the computation of the damages.

The Town of Pageland laid out a new street, known as Maynard Street, and procured rights of way from those persons whom it believed to be the owners of the lands involved. After the street was constructed, the plaintiff filed this action, claiming to have been the owner of one of the tracts through which the newly constructed street was laid and asking for just compensation for the taking. The Town denied her title to the land and disputed her right to compensation.

South Carolina Code of Laws, 1962, §§ 25–161–2, provide an exclusive procedure for the condemnation of lands by a municipality. The award is determined by a commission of five freeholders, two of whom are appointed by the municipality, two by the landowner, and the fifth by those four. Clearly, however, such a commission of freeholders is not equipped to decide questions of title and of the right to compensation. The South Carolina Supreme Court has thus uniformly held that the statute providing for an award by a commission is not the appropriate remedy when the right to compensation is in issue.[1] In such a case the appropriate remedy is an action at common law in the courts of general jurisdiction.

While Rule 71A(k) of the Federal Rules of Civil Procedure directs the application of any state law which requires trial of the issue of compensation to a commission or jury, the state statute is inapplicable here as it would be inapplicable had the trial of the case below been in a Court of Common Pleas of South Carolina.

■ Since the right to compensation was in issue, this action was the appropriate remedy.

There was evidence that the cutting of the street added more to the value of plaintiff's lands than it detracted, but the plaintiff offered one witness, Mills, a real estate expert, who testified that approximately twelve acres of the land were suitable for the construction of a motel and had substantial value for such purposes. The cutting of the street, according to Mills, left insufficient land in one block for motel purposes, with a resultant substantial diminution of the overall value of the lands. His testimony furnished an adequate basis for the District Court's finding of compensable damages.

Giving full weight to the testimony of Mr. Mills, however, it does not support an award of $14,000, as determined by the District Court.

Mills testified that approximately twelve acres of the total tract had a value of $3,000 an acre as a motel site. When Maynard Street was cut through it, running parallel to South Carolina Highway No. 9, upon which the plaintiff's land fronted, it left approximately five and one-half acres between the state highway and Maynard Street. Mr. Mills testified that those five and one-half acres retained a value of $3,000 for commercial use, though no longer appropriate as a motel site. The land south of Maynard Street, which he had included in the potential motel site at a value of $3,000 an acre, had no value for commercial use after the construction of Maynard Street, but Mr. Mills said the construction of the street gave those lands value for a residential development. As such, he thought they had a value of $1500 an acre. The lands outside the potential motel site Mills appraised at $300 an acre before the construction of Maynard Street.

■ Upon the basis of the testimony of Mr. Mills, the plaintiff is entitled to the value of the lands actually appropriated in the construction of Maynard Street and, additionally, to the depreciation in the value of that portion of the land south of Maynard Street which had

1. Smith v. City of Greenville, 229 S.C. 252, 92 S.E.2d 639; Godwin v. Carrigan, 227 S.C. 216, 87 S.E.2d 471; Oates v. City of Easley, 182 S.C. 91, 188 S.E. 504; Sheriff v. City of Easley, 178 S.C. 504, 183 S.E. 311; Hardin v. City of Greenville, 161 S.C. 53, 159 S.E. 465.

been included by Mills in his potential motel site. The plaintiff should give credit, however, for certain other lands fronting on the new street, which, according to Mills, had a value of only $300 an acre before the street was constructed.

The District Court found that some 2.2 acres were actually appropriated for street purposes. This is an obvious error, for it includes land which would have been encompassed within a proposed connecting street which never was cut. Since that land of the plaintiff has not been taken, she is not entitled to compensation for it.

In the construction of Maynard Street, 1.8 acres of the plaintiff's land was appropriated, but of that only 1.465 acres came out of the land which Mills appraised at $3,000 per acre. On the east a small triangle of .051 acres was appropriated, while on the west a strip of .284 acres was appropriated, both out of lands which Mills valued before the taking at $300 per acre. Applying the values to which Mills testified, the plaintiff is entitled to $4,395.50 for the lands actually appropriated instead of the $7,250 awarded by the District Judge.

Mills testified that there were approximately three and one-half acres of land south of Maynard Street which he had included in the potential motel site and which had a value of $1500 an acre for residential purposes after Maynard Street was opened. The reduction in the value of that land from $3,000 per acre to $1500 entitles the plaintiff to an additional $5,250.[2]

Maynard Street not only cut through that portion of the plaintiff's lands which Mills thought had commercial development potential, it also cut through an arm of her land on the west which Mills valued before the taking at $300 per acre. A small strip on the east is similarly involved. Such land has a combined frontage on Maynard Street of 368 feet, and, to a maximum depth of 210 feet,[3] it contains 1.497 acres. The value of these small portions of the tract was thus enhanced from $300 per acre to $1500 per acre, so that the plaintiff must give credit to the defendant of some $1,796.40.[4] If that sum is subtracted from her gross damages of $9,645.50, her net damages are $7,849.10.

2. The District Court computed this item of damage on the basis of four and one-half acres. This was perhaps because if the Mills approximation of twelve acres for the motel site is accepted as accurate, approximately four and one-half acres must have lain south of Maynard Street unless Mr. Mills took into account two adjoining lots owned by the plaintiff fronting on Highway No. 9. If those lots are included in the initial twelve-acre site, the mathematics work out approximately correctly. In any event, however, Mr. Mills repeatedly referred to three and one-half acres south of Maynard Street which he valued before the taking at $3,000 per acre and after the taking at $1500. His testimony contains no suggestion that he included in the potential motel site anything south of Maynard Street other than those three and one-half acres. This evidence does not appear to justify an award for that damage in excess of $5,250.

3. This is the depth to which Mills testified the adjacent 3.5 acres should be laid out.

4. Mr. Mills testified that the land fronting on the south side of Maynard Street should be divided into lots of approximately one-half acre each with a frontage on Maynard Street of approximately 100 feet. Such lots for residential purposes would have an average value of $750. That portion of the tract within the boundaries of the potential motel site had a frontage on Maynard Street of 770 feet and was appropriate for subdivision into seven lots with an average frontage of 110 feet each. The adjacent lands, in that portion of the tract valued before the taking at $300 an acre, gave the plaintiff additional frontage on Maynard Street of 368 feet, for a total frontage of 1,138 feet. The entire Maynard Street frontage is divisible into ten lots having an average frontage of 113.8 feet or eleven lots having an average frontage of 103.5 feet. If the credit were computed on the basis of the three or four additional lots provided by that part of the Maynard Street frontage which was outside the boundaries of the potential motel site, it would exceed the credit as we have computed it on an acreage basis.

Since the Mills' testimony is the only evidence supporting an award of damages to the plaintiff, and since that testimony does not support an award exceeding $7,849.10, the judgment in the amount of $14,000 was excessive.

The judgment of the District Court will be vacated and the case remanded with instructions to enter a judgment in favor of the plaintiff in the sum of $7,849.10.

Vacated and remanded.