## 19640

The STATE, Appellant, v. Stanley Morris EAVES, Respondent, The STATE, Appellant, v. Willie Preston KERSHAW, Jr., Respondent (two cases).

(197 S. E. (2d) 282)

*Messrs. Daniel R. McLeod, Atty. Gen., Walter Davies Merry, III, Hulan A. Small,* and *Hutson S. Davis, Jr., Asst. Attorneys General, for Appellant,*

*John D. Long, III, Esq.,* of Union, *for Respondents,*

June 19, 1973.

Bussey, Justice.

These two cases were combined for appeal, both of them arising out of jury convictions on charges of driving under the influence of liquor in trials held before Magistrate L. V. Lee at the Union County Court House. Respondent Kershaw was tried on September 26, 1972, and Respondent Eaves on September 28, 1972.

Each of the respondents timely appealed to the circuit court, asserting trial errors on the part of the magistrate. The magistrate, although duly served, failed to file his records with the Office of the Clerk of Court for Union County in compliance with the provisions of Sec. 7-104 of the Code. Despite the absence of such records, the circuit court heard the appeals; concluded that there were trial errors in both cases, and accordingly reversed the convictions and ordered new trials. Both respondents were represented by the same

counsel and, as far as the record shows, there was no effort on the part of respondents or their counsel, by *mandamus* or otherwise, to obtain the compliance of the magistrate with the provisions of Sec. 7-104, and the record here fails to reflect any notice to the magistrate, or anyone else representing the State, of the hearing of the appeals in the circuit court.

Under the principles enunciated in *State v. Spray, et al.,* 74 S. C. 443, 54 S. E. 600, and *State v. Adams,* 244 S. C. 323, 137 S. E. (2d) 100, it is quite clear that the circuit court was in error. The judgments below are reversed but the respondents are still entitled to require the magistrate to file his records with the circuit court in compliance with Sec. 7-104 of the Code.

Reversed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.