## 24370

Ernestine ORLANDO and Louis M. Orlando, Appellants v. Richard C. BOYD, M.D., Bruce W. White, Jr., M.D., Raymond L. Thomas, M.D., Florence Radiological Associates, P.A., and J. Stovall King, M.D., of whom Richard C. Boyd, M.D., Bruce W. White, Jr., M.D., Raymond L. Thomas, M.D., and Florence Radiological Associates, P.A. are Respondents.

(466 S.E. (2d) 353)

Supreme Court

*O. Fayrell Furr, Jr.,* of *Furr & Henshaw,* Myrtle Beach, *For appellants.*

*Donald V. Richardson, III, Charles E. Carpenter, Jr.,* and *Deborah Harrison Sheffield, Richardson, and Plowden, Grier & Howser,* Columbia, *for respondents.*

Heard Nov. 1, 1995.

Decided Jan. 22, 1996.

MOORE, Justice:

Appellants appeal the trial judge's order excluding an expert witness from testifying. We reverse.

## FACTS

In 1988, appellant Ernestine Orlando was diagnosed with a brain tumor. During surgery it was discovered she did not have a brain tumor. Appellants Ernestine and Louis Orlando filed this medical malpractice claim against respondents on October 2, 1991. Dr. Robert Peyster was named as an expert for the Orlandos on December 3, 1991.

The trial judge issued a scheduling order on June 24, 1992. The scheduling order provided in pertinent part: "Plaintiffs must make their experts available for deposition by August 3, 1992." Dr. Peyster was not deposed prior to August 3rd. On August 7, 1992, respondents moved to dismiss for failure to prosecute. On September 9, 1992, the Orlandos moved to extend the time to depose Dr. Peyster. This motion was denied.

As a sanction for failure to abide by the scheduling order, the trial judge ruled the Orlandos could not use Dr. Peyster as an expert witness. The trial judge also denied the Orlando's motion to extend the deadline to allow them to name and depose another expert. These rulings precluded the Orlandos from having any expert witness. The trial judge then granted the respondents' summary judgment motion because without Dr. Peyster or another medical expert, the Orlandos could not

establish a deviation from the proper standard of care.

The Orlandos appealed and the Court of Appeals affirmed in part, vacated in part, and remanded. *Orlando v. Boyd*, Op. No. 93-UP-311 (S.C. Ct. App. filed November 22, 1993). The Court of Appeals vacated the part of the trial judge's order which precluded the Orlandos from using Dr. Peyster. The court then remanded for the trial judge to make findings of willful disobedience or gross indifference to respondents' rights as required by *Baughman v. American Tel. & Tel. Co.*, 306 S.C. 101, 410 S.E. (2d) 537 (1991). On remand, the trial judge found the Orlandos were willfully disobedient of the order and grossly indifferent to the respondents' rights.

## ISSUE
Did the trial judge abuse his discretion in precluding Dr. Peyster from testifying?

## DISCUSSION
The Orlandos contend the trial judge abused his discretion in precluding Dr. Peyster from testifying. We agree. After excluding Dr. Peyster, the trial judge then granted summary judgment. Thus, in essence, he sanctioned the Orlandos and dismissed the case for failure to follow the scheduling order. The exclusion of a witness is a sanction under Rule 37, SCRCP, which should never be lightly invoked. Furthermore, "[w]here the effect will be the same as granting judgment by default or dismissal, a preclusion order may be made only if there is some showing of willful disobedience or gross indifference to the rights of the adverse party." *Baughman*, 306 S.C. at 108. 410 S.E. (2d) 537 (citing 4A *Moore's Federal Practice* ¶ 37.03 (2d Ed. 1990) and *Campbell v. Johnson*, 101 F. Supp. 705 (S.D.N.Y. 1951)).

Whatever sanction is imposed should serve to protect the rights of discovery provided by the rules. A sanction of dismissal is too severe if there is no evidence of any intentional misconduct. *See Dunn v. Dunn*, 298 S.C. 499, 381 S.E. (2d) 734 (1989); *Kershaw Co. Bd. of Educ. v. United States Gypsum Co.*, 302 S.C. 390, 396 S.E. (2d) 369 (1990). At the remand hearing, the trial judge stated: "As a matter of fact, efforts, if anything, were extremely lax, and these lax efforts indicate willingness, *certainly not anything intention-*

*ally done*, but the lax efforts indicated willfulness to me." Here, the trial judge stated the noncompliance was not intentional. Further, there is no evidence of intentional misconduct in the record which would warrant the exclusion of a crucial witness. In addition, there is no evidence respondents were prejudiced by the failure to depose Dr. Peyster by August 3rd.

In conclusion, Although the Orlandos should have moved for an extension prior to the deadline, the trial judge abused his discretion in excluding Dr. Peyster and effectively dismissing the case.

Reversed.

FINNEY, C.J., TOAL and BURNETT, JJ., and CAROL CONNOR, Acting Associate Justice, concur.