589 S.E.2d 762

Thomas C. JOYNER, Respondent,

v.

GLIMCHER PROPERTIES and Smith
Land Resources, Inc., Defendants,

Of whom, Glimcher Properties is, Appellant.

No. 3526.

Court of Appeals of South Carolina.

Heard June 5, 2002.

Decided June 27, 2002.

Scott A. Seelhoff, of Howell, Gibson & Hughes, of Beaufort, for appellant.

Paul H. Infinger, of Dukes, Williams & Infinger, of Beaufort, for respondent.

GOOLSBY, J.:

Following a jury trial in magistrate's court, Thomas C. Joyner received a verdict against Glimcher Properties in the amount of $2,500.00. Glimcher appealed to the circuit court. The circuit court dismissed the appeal for failure to prosecute. Glimcher appeals. We affirm.

## FACTS/PROCEDURAL HISTORY

Thomas C. Joyner was an invitee driving his van across the public parking lot at Cross Creek Shopping Center in Beaufort County. A tree limb fell on his van, destroying the vehicle and causing him personal injuries. He sued Glimcher Properties, the owner/manager of the commercial property, and Smith Land Resources, Inc., the landscaping/maintenance contractor for the property. The case was tried before a jury in magistrate's court on November 18, 1999. The jury returned a verdict in favor of Joyner in the amount of $2,500.00 against each of the two defendants.

Glimcher appealed to the circuit court on December 20, 1999. The magistrate who heard the case did not file a return within 30 days, as required by Rule 75, SCRCP. In fact, he never filed one.[1] Glimcher never requested the circuit court to issue a writ of mandamus to force the magistrate to do so.

On March 23, 2000, Joyner wrote the Chief Administrative Judge for the Fourteenth Judicial Circuit, requesting a court date on April 12, 2000, copying Glimcher with this letter. Glimcher made no response to this letter. On June 2, 2000, Joyner filed a motion to dismiss the appeal for failure to

---

1. The magistrate resigned on February 2, 2000, forty-three days after the Notice to Appeal was given. See S.C.Code Ann. § 18-7-70 (1985) ("When a magistrate by whom a judgment appealed from was rendered shall have gone out of office before a return is ordered, he shall, nevertheless, make a return in the same manner and with the like effect as if he were still in office.").

prosecute. The circuit court granted the motion and awarded interest on the judgment and attorney fees in the amount of $500.00. Glimcher appeals.

## LAW/ANALYSIS

Having timely appealed, Glimcher argues that the circuit court erred when it dismissed his appeal because the magistrate failed to issue a return. He argues that "the appellant from magistrate's court is under no duty to act once the notice of appeal has been filed," and that the duty to act rests solely with the magistrate.

Generally, the magistrate has a duty to complete the return. After the notice of appeal has been filed, "[t]he court below shall thereupon, after ten days and within thirty days after service of the notice of appeal, make a return to the appellate court of the testimony, proceedings and judgment and file it in the appellate court." [2]

Since the magistrate has no duty to provide a copy of the return to the parties, Glimcher argues there was no reasonable means for him to ensure that the return was timely filed. We disagree. Glimcher was on notice that a return had not been timely filed when he did not receive a notice in writing from the clerk of the circuit court.[3] Having received no such notice, he should have presumed no return had been filed and acted accordingly.

Citing S.C.Code Ann. § 18–7–80 (1985),[4] Glimcher argues the circuit court, by its own order, may compel that a return be made. When an inadequate or defective return has been

---

**2.** S.C.Code Ann. § 18–7–60 (1985); *see also* Rule 75, SCRCP (record must be transmitted within 30 days to the clerk of the court to which the appeal is taken).

**3.** *See* Rule 75, SCRCP ("Upon receipt of the certified record, the clerk of the circuit court shall give notice in writing to the parties that the record has been filed.").

**4.** S.C.Code Ann. section 18–7–80 (1985) reads, in pertinent part:

If the return be defective the appellate court may direct a further or amended return as often as may be necessary and may compel a compliance with its order.

filed, the burden is on the circuit court to direct the magistrate to file an amended return.[5]

No return, however, was filed in this case. When there is no return, the appellant from the magistrate's court must act with due diligence and seek a writ of mandamus if necessary to compel the return.[6]

Although some may view the result we reach as harsh, we feel compelled under the current case law to uphold the circuit court's decision to dismiss the appeal for failure to prosecute. The motion to dismiss was the only motion in front of the court, and the court was under no obligation to sua sponte direct the magistrate to file a return.

**AFFIRMED.**

HEARN, C.J., concurs.

HOWARD, J., dissents in a separate opinion.

HOWARD, J. (dissenting).

I disagree with the majority's conclusion that the failure of Appellant to seek a Writ of Mandamus against the magistrate's court provides a basis for dismissal of the appeal under the circumstances of this case. I, therefore, respectfully dissent.

The circuit court dismissed the appeal on the grounds that Appellant failed to diligently prosecute the appeal. Dismissal by the circuit court based upon a failure to prosecute an appeal is a discretionary action. *See Small v. Mungo*, 254

---

**5.** *Chapman v. Computers, Parts & Repairs, Inc.*, 334 S.C. 387, 390, 513 S.E.2d 120, 122 (Ct.App.1999) ("When the return provided is inadequate, the appropriate remedy is for the circuit court to direct the magistrate to file an amended return. . . .").

**6.** *See State v. Barbee*, 280 S.C. 328, 329, 313 S.E.2d 297, 298 (1984) (citations omitted) ("The burden was on . . . the party appealing below to obtain the magistrate's compliance by mandamus if necessary."); *State v. Adams*, 244 S.C. 323, 326, 137 S.E.2d 100, 101 (1964) (citations omitted) ("When it became apparent to Respondent that the Magistrate had failed to perform the ministerial duty of transmitting the record of the trial Court to the appellate Court, it became incumbent upon Respondent to proceed by way of mandamus to enforce performance of his duty.").

S.C. 438, 442, 175 S.E.2d 802, 804 (1970). Therefore, we should reverse only if there is a manifest injustice resulting from that decision. *Id.*

The majority affirms the dismissal, concluding the failure to act with due diligence to seek a Writ of Mandamus against the magistrate is fatal to Appellant's position. In so holding, the majority concedes the result they have reached may be viewed as "harsh." I conclude dismissal is only warranted when there is at least some evidence of unreasonable neglect, which I find totally lacking in this case. Therefore, I would rule that dismissal is unduly harsh, resulting in a manifest injustice to Appellant.

As the majority points out, our supreme court has stated that the appellant has a burden to obtain the magistrate's compliance by mandamus, if necessary. *See State v. Barbee,* 280 S.C. 328, 329, 313 S.E.2d 297, 298 (1984); *State v. Eaves,* 260 S.C. 523, 524–25, 197 S.E.2d 282, 283 (1973); *State v. Adams,* 244 S.C. 323, 326, 137 S.E.2d 100, 101 (1964). However, in each case cited by the majority as the underpinning for its decision, the party appealing from the magistrate's court convinced the circuit court to reverse a criminal conviction because the magistrate failed to file a return. *See Barbee,* 280 S.C. at 329, 313 S.E.2d at 298; *Eaves,* 260 S.C. at 524–25, 197 S.E.2d at 283; *Adams,* 244 S.C. at 326, 137 S.E.2d at 101. Our supreme court held in each case that the failure of the magistrate to file a return is not a ground for the circuit court to reverse the magistrate's court judgment. *See Barbee,* 280 S.C. at 329, 313 S.E.2d at 298; *Eaves,* 260 S.C. at 524–25, 197 S.E.2d at 283; *Adams,* 244 S.C. at 326, 137 S.E.2d at 101. Without a return, the circuit court has no basis for reviewing the merits of the appeal. *Barbee,* 280 S.C. at 329, 313 S.E.2d at 298. In those circumstances, the burden falls to the litigant to force the magistrate to fulfill the ministerial duty of filing a return by seeking a Writ of Mandamus, if necessary.

In *Adams,* the appellant was convicted of Driving Under the Influence of Intoxicants, first offense, in magistrate's court. *Id.* at 323, 137 S.E.2d at 100. He appealed to the circuit court and moved to reverse the conviction and dismiss the charges because the magistrate failed to file a return. No notice of the motion was provided to the State, the Solicitor, or the

Attorney General. The circuit court granted the requested relief, and the State appealed. On appeal, our supreme court reiterated the obligation of the moving party to "prosecute [the appeal] with due diligence and have it promptly disposed of." *Id.* at 326, 137 S.E.2d at 101. The court stated:

Respondent is charged with knowledge of the time limit imposed on the Magistrate for filing the record and of the 60 day supersedeas provided by Section 46–189 of the Code. Having failed to take any step toward effecting a prompt disposition of his appeal, Respondent was not entitled to have his conviction set aside and the charges against him dismissed.

*Id.* The Court then reversed the order of the circuit court setting aside the conviction.

This language and the action taken by our supreme court in *Adams* is the basis for the majority's conclusion that dismissal is warranted under these circumstances. However, I conclude exclusive reliance upon this language is misplaced. In the later case of *Eaves,* our supreme court made it clear that under the same circumstances, even though reversal of the conviction was not proper, the appellant below was still entitled to a remand of the appeal to require that the magistrate comply with the statute so that the matter could be heard on the merits. *Id.* at 523, 197 S.E.2d at 282; *see also Barbee,* 280 S.C. at 329, 313 S.E.2d at 298 (ruling "[t]he order of the circuit court is reversed. Respondent has ten days from issuance of this opinion to require the magistrate to file his record with the circuit court in compliance with section 18–3–40.").

The Writ of Mandamus is an extraordinary writ. *Fort Sumter Hotel v. S.C. Tax Comm.,* 201 S.C. 50, 61, 21 S.E.2d 393, 398 (1942). From the earliest days of jurisprudence in this country to the present, it has been limited to those situations in which there is no other legal remedy. *See Marbury v. Madison,* 1 Cranch 137, 5 U.S. 137, 169, 2 L.Ed. 60 (1803); *see also Willimon v. City of Greenville,* 243 S.C. 82, 86, 132 S.E.2d 169, 170 (1963) ("The writ of mandamus is the highest judicial writ known to the law and according to long approved and well established authorities, only issues in cases where there is a specific legal right to be enforced or where there is a positive duty to be performed, and there is no other

specific remedy. When the legal right is doubtful, or when the performance of the duty rests in discretion, or when there is other adequate remedy, a writ of mandamus cannot rightfully issue."). Essentially, it is a refuge of last resort within the legal system, called upon infrequently, and lying beyond the normal procedures. *See Ehrlich v. Jennings,* 78 S.C. 269, 277, 58 S.E. 922, 926 (1907) ("[I]n the extreme caution with which this remedy is applied by the courts, there are cases when the writ will not be issued to compel the performance of even a purely ministerial act.").

An action for a Writ of Mandamus is a separate proceeding. *See Plum Creek Dev. Co. v. City of Conway,* 334 S.C. 30, 38–39, 512 S.E.2d 106, 111 (1999). It is recognized as coercive in nature. *See id.* (finding primary purpose of mandamus is to enforce an established legal right and corresponding imperative duty imposed by law); *Godwin v. Carrigan,* 227 S.C. 216, 222, 87 S.E.2d 471, 473 (1955) (noting mandamus is employed to compel performance, when refused, of a ministerial duty); 55 C.J.S. *Mandamus* § 3 (1998) (indicating "mandamus is used to compel action and to coerce the performance of an existing duty"); 52 Am.Jur.2d *Mandamus* § 1 (2000) (stating mandamus is essentially a coercive writ). As our supreme court noted in *Plum Creek,* "[b]y issuing a writ of mandamus, the trial judge orders a public official to perform a ministerial duty." *Id.* at 39, 512 S.E.2d at 111. Furthermore, "If the public official fails to comply with the writ, the plaintiff can petition the court for an order holding the official in contempt." *Id.*

I do not agree that a litigant's failure to take these extraordinary steps can reasonably be viewed as a failure to diligently prosecute the appeal, especially in the absence of some directive from the circuit court to do so. This is especially true where, as here, the litigant has complied with all statutorily imposed obligations in a timely fashion and the appeal has only been pending for five months.

In similar settings, our supreme court has been reluctant to affirm the drastic action of dismissing a suit unless the party's misconduct was intentional. For example, where the litigant failed to comply with a discovery order, and the exclusion of the witness eviscerated the party's case, our supreme court

found the exclusion of the witness by the circuit court to be an abuse of discretion. In *Orlando v. Boyd,* 320 S.C. 509, 466 S.E.2d 353 (1996), the court noted:

> [w]here the effect will be the same as granting judgment by default or dismissal, a preclusion order may be made only if there is some showing of wilful disobedience or gross indifference to the rights of the adverse party.

> Whatever sanction is imposed should serve to protect the rights of discovery provided by the rules. A sanction of dismissal is too severe if there is no evidence of any intentional misconduct.

*Id.* at 511, 466 S.E.2d at 355 (alteration in original).

Furthermore, in those instances in which our supreme court has affirmed dismissal of the action based upon the failure to prosecute, the dismissal has been imposed to maintain the orderly disposition of cases in the face of repeated warnings to the offending party or multiple opportunities to proceed with trial, and only then, with a finding of unreasonable neglect. *See Small,* 254 S.C. at 438, 175 S.E.2d at 802 (finding no abuse in a dismissal where counsel was apparently in his office and plaintiff and witnesses were at work when case was called for trial, and counsel informed the court that he could not appear for several hours); *Don Shevey & Spires, Inc. v. Am. Motors Realty Corp.,* 279 S.C. 58, 60–61, 301 S.E.2d 757, 758–59 (1983) ("The plaintiff has the burden of prosecuting his action, and the trial court may properly dismiss an action for plaintiff's unreasonable neglect in proceeding with his cause."); *Bond v. Corbin,* 68 S.C. 294, 294–95, 47 S.E. 374, 374 (1904) (finding where first case on trial docket is set on the first day of jury cases, and, when it is called, plaintiff is absent, and in the afternoon is also absent, and again when called the next morning, a dismissal for failure to prosecute is proper).

The ruling of the majority in this case accomplishes exactly the result condemned by our supreme court in each of its previous decisions on the subject. Here Respondent sought and received an advantage from the failure of a judicial officer to fulfill his statutorily assigned duty. Respondent did not apply for a Writ of Mandamus against the magistrate, a procedure equally available to him as to Appellant. Appellant did not refuse to comply with a mandate, or even a suggestion,

from the circuit court to file a Writ of Mandamus. In fact, in Appellant's response to the motion to dismiss, Appellant offered to join in an action to compel the magistrate's compliance. Respondent sought dismissal in the first instance, and the circuit court granted it without giving Appellant an opportunity to undertake this extraordinary action. Under these circumstances, I would reverse the circuit court's order dismissing the appeal and remand to the circuit court for entry of an order requiring Appellant to file an action seeking a Writ of Mandamus within ten days.