THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Mary Green, as Guardian for Sateria Bettis, a minor,
Appellant,
v.
Judith Hoover, M.D., Cindy Besson, M.D., Margo Muniz, M.D., and Women's Health Associates, LLC,
Respondents.
 
 
 

Appeal From Aiken County
 Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2007-UP-116
Submitted February 1, 2007  Filed March 7, 2007   

AFFIRMED

 
 
 
Jared Sullivan Newman, of Beaufort, for Appellant.
James D. Nance, of Aiken, Russell Harter, of Greenville, for Respondents.
 
 
 

PER CURIAM:  Mary Green, as guardian for Sateria Bettis, a minor, appeals the trial courts award of summary judgment to Judith Hoover, Cindy Besson, Margo Muniz, and Womens Health Associates, LLC (collectively Doctors).  Green argues the trial court erred in its factual findings, which led to dismissing her medical negligence action, and its sanction dismissing her case was unduly harsh and not in conformity with South Carolina precedent.  We affirm.[1]
FACTS
On April 12, 2004, Green brought a claim against Doctors for medical negligence.  Thereafter, Doctors filed two motions to compel Green to provide information pertaining to her expert witness.  In July 2004, Green named her expert, but withdrew the expert on January 11, 2005, indicating she would get another expert.
On January 13, 2005, the trial court issued a scheduling order, which required Green to name an expert witness by April 1, 2005.  The scheduling order also required a deposition of the expert by May 15, 2005, and completion of all discovery by September 15, 2005.  On June 27, 2005, Doctors informed Green by letter that she had yet to provide notice of her expert in accordance with the scheduling order.  Doctors then requested that Green provide the experts information at that time.  Green did not respond to Doctors request.  
On October 5, 2005, Doctors moved for summary judgment against Green.  On October 10, 2005, Greens counsel moved to be relieved as counsel because he did not believe Green had a case and he considered it futile to continue the case.  On the same date, the trial court held a hearing on all pending motions.  The trial court denied Greens counsels motion to be relieved and granted summary judgment to Aiken Regional Medical Center.[2]  The trial court held Doctors motions in abeyance because ten days notice had not been provided to Green.   
Also at the October 10th hearing, Green informed the trial court that she did not have an expert witness who could provide testimony of proximate cause and damages to sustain her case.  Because Green had ten (10) days to respond to Doctors motions for summary judgment, the trial court afforded Green ten (10) days to also name an expert witness and move to expand the scheduling order.  On October 12, 2005, Green named the expert in her supplemental answers to the Doctors interrogatories; however, she did not move to expand or amend the scheduling order.[3]  
On October 19, 2005, Doctors informed Green by letter that it was their position that the January 13th scheduling order remained in effect until it was amended by court order.  On November 2, 2005, Green provided the experts affidavit to Doctors.  On November 7, 2005, Greens counsel sought consent from Doctors to continue the hearing set for November 8, 2005, or that he be allowed to participate in the hearing by way of telephone, because he was, at the time, preparing for a different trial.  Doctors did not consent to a continuation of the hearing.  Greens counsel also requested of the trial court a continuation on the same grounds, but the court denied the request.  On November 8th, Green sent Doctors her response opposing summary judgment, along with the experts affidavit.  Green sent the trial court a copy of the response and affidavit via facsimile on the same date.  
Also on November 8th, in Greens counsels absence, the trial court heard Doctors October 5th summary judgment motion.  The trial court granted the motion on November 10, 2005 on the grounds that Green had not complied with the scheduling order.  On November 28, 2005, Green moved to reconsider the summary judgment award and amend the scheduling order.   The trial court denied Greens motion for reconsideration on January 23, 2006 on the ground that Green neglected to timely move for an amendment of the scheduling order.  This appeal followed.
STANDARD OF REVIEW
When reviewing the circuit courts order granting summary judgment, the appellate court is instructed to apply the same standard that governs the circuit court under Rule 56(c) of the South Carolina Rules of Civil Procedure: summary judgment is proper when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fleming v. Rose, 350 S.C. 488, 493-94, 567 S.E.2d 857, 860 (2002).  To determine whether any triable issue of fact exists, the evidence and all inferences, which can reasonably be drawn therefrom, must be viewed in the light most favorable to the nonmoving party.  Faile v. S.C. Dept of Juvenile Justice, 350 S.C. 315, 324, 566 S.E.2d 536, 540 (2002).  If triable issues exist, those issues must go to the jury.  Young v. S.C. Dept of Corr., 333 S.C. 714, 718, 511 S.E.2d 413, 415 (Ct. App. 1999).
On the other hand, summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law.  Vermeer Carolinas, Inc. v. Wood/Chuck Chipper Corp., 336 S.C. 53, 59, 518 S.E.2d 301, 305 (Ct. App. 1999).  All ambiguities, conclusions, and inferences arising from the evidence must be construed most strongly against the moving party.  Bayle v. S.C. Dept of Transp., 344 S.C. 115, 120, 542 S.E.2d 736, 738 (Ct. App. 2001).  Even when there is no dispute as to evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied.  See Hall v. Fedor, 349 S.C. 169, 173-74, 561 S.E.2d 654, 656 (Ct. App. 2002).  Summary judgment is a drastic remedy; it should therefore be cautiously invoked to prevent the improper deprivation of a trial of the disputed factual issues.   Lanham v. Blue Cross & Blue Shield, 349 S.C. 356, 363, 563 S.E.2d 331, 334 (2002).
LAW/ANALYSIS
I.  Factual Findings for Summary Judgment 
Green contends the trial court erred in its factual findings, which led to dismissing her medical negligence action.  Green specifically contends the trial court erred in finding that she did not present her experts affidavit to the trial court or opposing counsel.  We disagree.
A scheduling order may be altered or amended whenever justice so requires.  See Rule 26(f), SCRCP.  Accordingly, the trial court in this case informed Green of its willingness to amend the order, but only if Green both named her expert and moved to expand the order.  Within the ten-day period provided Green by court order, Green only named her expert, but did not move to expand the scheduling order.  Within the ten-day period, Doctors even reminded Green, by letter, that the January 13th scheduling order remained in effect until it was amended by court order.  However, Green still did not move to amend the scheduling order by October 20th.  Green, instead, waited until November 28, 2005, to move to amend the order.  
As the trial court concluded, notice of an expert witness after the time required by a scheduling order is no notice until, and if, the order is amended.  Therefore, even though Green presented her experts affidavit to the trial court, she did not do so until November 8, 2005, eighteen days after the deadline given her by the trial court.  Because Green did not fully comply with the courts order, her eventual submission of the experts affidavit could not be considered. 
Moreover, and despite Greens contention, the trial courts finding that Green did not present her expert affidavit to the trial court or Doctors, did not ultimately lead to the trial courts dismissal of Greens medical negligence action.  The trial court dismissed the action because, at the time of the summary judgment hearing, the January 13th scheduling order was still in effect, and Green provided notice of her expert without amending the order. 
II.  Appropriateness of Sanction 
Green contends the trial courts sanction dismissing her case was unduly harsh and not in conformity with South Carolina precedent.  We disagree. 
If a party fails to obey an order to provide or permit discovery, the trial court may impose sanctions such as striking pleadings, dismissing the action, or rendering a default judgment. 
Griffin Grading & Clearing v. Tire Serv. Equip. Mfg. Co., Inc., 334 S.C. 193, 198, 511 S.E.2d 716, 718 (Ct. App. 1999); Rule 37(b)(2)(B), SCRCP (stating that if a party fails to obey an order to permit discovery or fails to obey a scheduling order, the trial court may make an order refusing to allow the disobedient party to support or oppose designated claims or defenses or prohibiting him from introducing designated matters in evidence).  
Additionally, whenever a trial court orders default or dismissal as a sanction for discovery violation, or sanction itself results in default or dismissal, the trial court must determine whether there is some element of bad faith, willfulness, or gross indifference to the rights of other litigants.  Karppi v. Greenville Terrazzo Co., Inc., 327 S.C. 538, 543, 489 S.E.2d 679, 682 (Ct. App. 1997); Baughman v. Am. Tel. and Tel. Co., 306 S.C. 101, 109, 410 S.E.2d 537, 542 (1991) (holding that where the effect of excluding a witness as a sanction will be the same as granting judgment by default or dismissal, a preclusion order may be made only if there is some showing of willful disobedience or gross indifference to the rights of the adverse party).   
Here, even upon acknowledging that the exclusion of a witnesss testimony should not be lightly invoked, the trial court found that Green willfully disregarded the order of the court, to which she consented, establishing a schedule for discovery.  As further basis for the trial courts finding of willfulness, the trial court acknowledged that the scheduling order not only required Green to provide notice of an expert by April 1, 2005, but the order also required Green to make the expert available for a deposition by May 15, 2005 and to complete discovery by September 15, 2005.  The trial court additionally acknowledged that Doctors notified Green, during June 2005, that she had not complied with the scheduling order and requested that she comply by providing notice of the expert.  
This case is distinct from Orlando v. Boyd, in which the Supreme Court reversed the trial courts award of summary judgment on the ground that the appellants efforts to comply with the scheduling order did not constitute willful disobedience of the order.  320 S.C. 509, 466 S.E.2d 353 (1996).    In Orlando, the trial court issued a scheduling order, which required the plaintiffs to make their experts available for deposition by August 3, 1992.  Id. at 510, 466 S.E.2d at 354.  The plaintiffs did not comply with the scheduling order.  Id.  Following the respondents motion to dismiss, on September 9, 1992, the plaintiffs moved to extend the time to depose the expert.  Id.  The trial court denied the plaintiffs motion and granted respondents summary judgment motion on the basis of the plaintiffs failure to follow the scheduling order.  Id.  Upon review, the Supreme Court found there was neither evidence of intentional misconduct in the record which would warrant the exclusion of the expert, nor was there evidence the respondents were prejudiced by the failure to depose the expert.  Id. at 512, 466 S.E.2d at 355.  
As distinct from Orlando, in the present case, the record demonstrates that Green repeatedly failed to comply with the trial courts orders.  Also, unlike Orlando, Green did not move to extend the scheduling order.  Based on Orlando, the trial courts sanction dismissing Greens case on the basis of failure to comply with more than one court order was not unduly harsh.
This case is also distinct from Kirkland v. Peoples Gas Co., upon which Green relies in support of this appeal.  269 S.C. 431, 237 S.E.2d 772 (1977).  In Kirkland, the Supreme Court determined whether proper notice had been given to appellants of respondents witness, when appellant had the witnesss report, interviewed him prior to trial, and listed him as one of his own witnesses.  Id. at 435, 237 S.E.2d at 774.   In response to Appellants motion to exclude Respondents witness, the Supreme Court held that because Appellant had prior knowledge of the existence and testimony of the witness, exclusion of the witness was not justified, even if Respondent violated a circuit court rule.  Id.   
In the present case, exclusion of the expert could be justified because Doctors did not have an opportunity to depose the expert and had no knowledge that Green would name the same expert that she previously withdrew.  Therefore, the trial courts sanction dismissing Greens case, in conformity with South Carolina precedent, was not unduly harsh.
CONCLUSION
For the foregoing reasons, the trial court did not err in its factual findings or abuse its discretion in dismissing Greens medical negligence case.  Accordingly, the trial courts award of summary judgment is
 AFFIRMED.
BEATTY and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Aiken Regional Medical Center is a former defendant in this matter, but is not a party to this appeal.  
[3] On this date, Green named the same expert in her supplemental answers as she initially named in July 2004, although she withdrew the experts name based on the experts alleged inability to provide adequate testimony to support her case.